UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 6-55-KKC

DIVERSIFIED METAL DISTRIBUTORS, LLC.,                                   PLAINTIFF,

vs.                                  **OPINION AND ORDER**

AK STEEL CORPORATION,                                                   DEFENDANT.

* * * * * * * *

This matter is before the Court on Defendant's Motion for Transfer of Venue [Rec. No. 12] pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court GRANTS Defendant's Motion.

**I. BACKGROUND FACTS**

The Defendant, AK Steel Corporation ("Defendant"), located in Middletown, Ohio, and the Plaintiff, Diversified Metal Distributors, LLC. ("Plaintiff"), located in Frankfort, Kentucky, engaged in certain business dealings. The parties entered into a contract on May 26, 2004 (the "Master Agreement") by which the parties agreed that certain terms and conditions would govern all future purchase orders and service orders executed between the parties. [Rec. No. 12, Exhibit 5]. The Master Agreement contains a paragraph entitled "Governing Laws", which specifies that any action or legal proceeding based upon the subject matter of the agreement or any purchase order executed between the parties shall be brought exclusively in Ohio state or federal court. *Id*.

On April 26, 2005, the parties signed a purchase contract by which the Plaintiff agreed to purchase and the Defendant agreed to sale a Chrome Scale and a Mill Scale. [Rec. No. 12, Exhibit 6].

On July 12 , 2006, the Plaintiff filed a complaint against the Defendant in Franklin

Circuit Court alleging breach of contract in connection with the April 26, 2005 agreement. Plaintiff later amended that complaint to add a tortious interference with prospective contractual relations claim. On August 10, 2006, the Defendant removed the action to this Court and thereafter filed a motion to transfer venue to the Cincinnati Division of the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).

## II. ANALYSIS

Section 1404(a) provides that a court may transfer an action "[f]or the convenience of parties and witnesses" or "in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). A district court deciding a § 1404(a) motion to transfer "has broad discretion to grant or deny" that motion. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)(internal quotation marks and citation omitted). The District Court must examine a number of factors when determining whether to transfer under § 1404(a), including:

> (1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice. Other factors include (1) the relative congestion in the courts of the two forums, (2) the public's interest in having local controversies adjudicated locally, (3) the relative familiarity of the two courts with the applicable law, (4) the plaintiff's original choice of forum, and (5) whether the parties have agreed to a forum selection clause.

*Kentucky Speedway, LLC. v. National Ass'n of Stock Car Auto Racing, Inc.*, 406 F. Supp. 2d 751, 755 (E.D. Ky. 2005).

### a. The Forum Selection Clause

The Defendant argues that the forum selection clause in the Master Agreement factors in favor of transfer of venue. However, before the Court can consider the forum selection clause in its analysis, it must first determine whether the clause even applies to Plaintiff's claims. *Terra*

*Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 692 (8th Cir. 1997). The Plaintiff argues that the forum selection clause does not control its claim for tortious interference with prospective contractual relations. Plaintiff's tortious interference claim arises out of a prospective real estate agreement between the Plaintiff and a third party, Cohen Brothers. The Plaintiff alleges that the Defendant thwarted the prospective agreement by urging Cohen Brothers not to execute the contract with Plaintiff. [Rec. No. 17, pg. 3].

The forum selection clause in the Master Agreement specifies that any action or legal proceeding based upon the subject matter of the agreement or purchase orders between the parties shall be brought exclusively in Ohio state or federal court. [Rec. No. 12, Exhibit 5]. Plaintiff's tortious interference claim clearly does not relate to the agreement between the parties, instead, the claim relates to a real estate transaction between the Plaintiff and some outside third party, thus, the forum selection clause will not receive any consideration in the transfer analysis regarding this specific claim.

On the other hand, Plaintiff's breach of contract claim relates to the April 26, 2005 purchase contract by which the Plaintiff agreed to purchase and the Defendant agreed to sale a Chrome Scale and a Mill Scale. [Rec. No. 1, Complaint]. The Master Agreement specifically states that all future disputes between the parties regarding either the Master Agreement or future purchase orders shall be brought exclusively in Ohio state or federal court. [Rec. No. 12, Exhibit 5]. According to the plain language of the Master Agreement, the forum selection clause would cover Plaintiff's breach of contract claim because the clause covers all future purchase orders and the April 26, 2005 agreement, which is the subject of the breach of contract claim, is a purchase contract that was executed after the Master Agreement.

The Plaintiff argues that the forum selection clause does not weigh in favor of transfer because it was not informed that the Master Agreement would be applied to all subsequent purchase agreements between the parties and did not mention the April 26, 2005 purchase contract specifically. Furthermore, the Plaintiff argues, that the forum selection clause is not listed under a separate heading with different font, the Defendant had superior bargaining power, and the clause was presented on a take it or leave it basis. [Rec. No. 17, pg. 13]. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991)(citations and internal quotation marks omitted).

The Plaintiff's argument is totally without merit. The Master Agreement states specifically, in the second line of the agreement, that all future equipment, materials, work, services, and purchase orders are governed by the terms of the agreement. The forum selection clause is listed separately in a paragraph numbered eighteen with a heading entitled "Governing Laws." [Rec. No. 12, Exhibit 5]. The Plaintiff is a sophisticated business entity in the position of a purchaser, who may negotiate and deal with many different companies in the course of its business. The Plaintiff has failed to meet the burden of showing that the forum selection clause is unreasonable or the product of fraud or influence, thus, the clause is valid and the Court will consider it as one factor in the transfer analysis.

A forum selection clause is not dispositive but is a "significant factor that figures centrally in [a] district court's calculus" when deciding whether to transfer under § 1404(a). *Creditors Collection Bureau, Inc. v. Access Data, Inc.*, 820 F.Supp. 311, 313 (W.D.Ky. 1993) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

**b. Convenience of the Parties and the Witnesses, Accessibility to Proof, and the Costs of Securing Testimony from Witnesses**

The Defendant argues that all relevant events, the third-party witnesses, and the remaining mill scale and real property, which form the basis of Plaintiff's claims, are all located in Ohio. Potential witnesses, including the third party who allegedly mixed unwanted substances into the mill scale material forming the basis of Plaintiff's breach of contract claim and the employees of Cohen Brothers, the third party involved in Plaintiff's tortious interference claim, are located in Ohio.

On the other hand, the Plaintiff argues that Kentucky is more convenient for its witnesses. Witnesses for one party or the other will likely be forced to travel a short distance whether the matter is handled in District Court in Kentucky or in Ohio, thus, this factor is neutral.

However, since the material that forms the basis of Plaintiff's breach of contract claim is currently located in Ohio, accessibility to this important form of proof is greater in Ohio. Furthermore, Cohen Brothers, whose business dealings with the Plaintiff form the basis of Plaintiff's tortious interference claim, and the real property, which was the basis of the potential real estate transaction between the parties, is located in Ohio, thus, the parties would have greater accessibility to proof in Ohio, thus, this factor weighs in favor of transfer.

Neither party has pointed to any increased costs of securing testimony from witnesses, thus, this factor is neutral.

**c. Practical Problems**

Practical problems associated with trying the case are likely to be the same in both forums.

**d. Congestion in the Two Forums**

The Plaintiff argues that the Southern District of Ohio docket is more congested than this Court's docket, thus, this factor weighs against a transfer of venue. The Plaintiff bases its argument on statistics gathered from www.uscourts.gov. The statistics show 428 pending cases per judgeship in the Southern District of Ohio for 2006 and 355 pending cases per judgeship in the Eastern District of Kentucky. The Court disagrees with the Plaintiff's argument that this factor weighs heavily against a transfer based solely on the fact that some judges in the Southern District of Ohio have more cases than some judges in the Eastern District of Kentucky. The mere fact that the caseload is higher does not show congestion of the courts, thus, this factor is neutral.

**e. Public's Interest in having Local Controversies Adjudicated Locally**

The Plaintiff argues that Kentucky has a strong interest in having this case decided locally because the Plaintiff is a Kentucky-based company and the injury occurred in Kentucky. The Defendant argues that Ohio has a strong interest in having this case decided locally because the material at issue was distributed from Defendant's business in Ohio and the real estate that is the subject of the tortious interference claim is located in Ohio. Ultimately, both forums have an interest in having this controversy decided locally, thus, this factor is neutral.

**f. Familiarity with the Applicable Law**

The Plaintiff's tortious interference claim was brought pursuant to Kentucky law and the Plaintiff claims that this Court is more familiar with the applicable law. However, a claim for tortious interference with prospective contractual relations is very similar in Kentucky and Ohio, thus, a federal court in Ohio is just as familiar with the applicable law regarding this claim as is a federal court in Kentucky, therefore, this factor is neutral. *See National Collegiate Athletic Ass'n*

*v. Hornung*, 754 S.W.2d 855, 858 (Ky. 1988) (A claim for tortious interference with prospective contractual relations in Kentucky requires a court to find improper interference in accordance with the factors set forth in the *Restatement (Second) of Torts § 767*); *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 128 (6th Cir. 1992) (A tortious interference with prospective contractual relations claim in Ohio requires a court to find improper interference as defined by the *Restatement (Second) of Torts § 767*.)

### g. Plaintiff's Original Choice of Forum

The Plaintiff's choice of forum is Kentucky and that choice is entitled to considerable deference, however, the "weight accorded this factor is lessened where, as here, Defendant is attempting to move the litigation to a jurisdiction that Plaintiff, by contract, had originally chosen." *Creditors Collection Bureau, Inc. v. Access Data, Inc.*, 820 F.Supp. 311, 313 (W.D.Ky. 1993). As discussed above, the forum selection clause applies to Plaintiff's breach of contract claim as such Plaintiff's choice of forum is entitled to less deference. Furthermore, Plaintiff's original choice of forum was Kentucky state court and this action was removed to this Court by the Defendant. "[A] plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court." *Sky Technologies Partners, LLC v. Midwest Research*, 125 F.Supp. 2d 286, 292 (S.D. Ohio 2000). Therefore, technically, this Court is not Plaintiff's original choice of forum, thus, less deference will be accorded to Plaintiff's choice of forum.

### III. CONCLUSION

The Court has broad discretion when determining whether to transfer an action pursuant to 28 U.S.C. § 1404(a). *Phelps*, 30 F.3d at 663. The Court has carefully weighed the factors and

finds that while the Plaintiff's choice of forum is generally entitled to considerable weight, that weight is lessened in this case. Furthermore, the forum selection clause and the accessability to proof weighs in favor of transfer, thus, the Court is persuaded that transfer of this litigation to the United States District Court, Southern District of Ohio, Cincinnati Division is appropriate under 28 U.S.C. § 1404(a).

Accordingly, for all the above reasons, Defendant's Motion to Transfer Venue [Rec. No. 12] pursuant to 28 U.S.C. §1404(a) is GRANTED. It is hereby ordered that this matter is transferred to the United States District Court, Southern District of Ohio, Cincinnati Division.

The Clerk of the Court is directed to transmit a certified copy of the entire record to the United States District Court, Southern District of Ohio, Cincinnati Division.

This the 1st day of February, 2007.

Signed By:

*Karen K. Caldwell*

United States District Judge